IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE ALLAN ADES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-257-M-BN |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bruce Allan Ades brings this *pro se* lawsuit against the United States under the Administrative Procedures Act concerning a 2006 penalty assessed against him by the Internal Revenue Service. *See* Dkt. No. 3. Chief Judge Barbara M. G. Lynn referred Ades's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The United States moved to dismiss Ades's lawsuit under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. No. 9. Ades responded. *See* Dkt. No. 11. The United States replied. *See* Dkt. No. 12. Ades obtained leave to file a sur-reply. *See* Dkt. Nos. 13-15. And, on December 2, 2021, he moved for an emergency temporary restraining order (TRO) or preliminary injunction. *See* Dkt. No. 16. The United States filed an opposition the next day. *See* Dkt. No. 17.

The undersigned entered findings of fact, conclusions of law, and a

recommendation on December 3, 2021 [Dkt. No. 18] (the FCR). And the undersigned now amends the FCR to correct a scrivener error and again recommends that, as the Court lacks jurisdiction over this lawsuit, Ades has not shown that there is a substantial likelihood of success on the merits of his claims, so the Court should deny his request for a TRO or preliminary injunction, grant the United States' motion to dismiss, and dismiss this lawsuit without prejudice.

## Applicable Background

This action is the latest in a series of lawsuits that Ades has filed against the United States or its agencies related to the 2006 IRS penalty. The following applicable background, of which the Court may take notice, *see, e.g.*, *Martinez v. McLane*, 792 F. App'x 282, 284 (5th Cir. 2019) (per curiam) (citing FED. R. EVID. 201), was set out in *Ades v. United States*, No. 4:20-CV-00089-RWS-CAN, 2020 WL 8832502 (E.D. Tex. Dec. 16, 2020), *rec. adopted*, 2021 WL 345911 (E.D. Tex. Feb. 2, 2021):

> Sometime in 2006, Plaintiff and his then spouse were audited by the Internal Revenue Service regarding tax years 2001 to 2004. Thereafter, Plaintiff alleges that both he and his former spouse signed an agreement on September 6, 2006 ("2006 Closing Agreement") whereby Plaintiff agreed to pay a "FBAR penalty"[ – FBAR being an acronym for Report of Foreign Bank and Financial Accounts – ]to the Government and wrote a check for over six thousand dollars, representing ten percent of the FBAR penalty due Plaintiff claims he had not been in contact with the Government regarding the penalty since 2007 – "a period of approximately 13 years." Then in February 2020, the Government appears to have initiated further collection efforts, re-contacting Plaintiff regarding the remaining penalty balance. Plaintiff concedes that he still owes approximately fifty-five thousand dollars in principal and approximately ninety thousand dollars in non-principal under the 2006 Closing Agreement.

*Ades*, 2020 WL 8832502, at \*1 (citations and footnote omitted).

## Legal Standards and Analysis

"To maintain a suit in district court against the United States, a plaintiff must bring claims under a statute in which Congress expressly waives the United States' sovereign immunity." *Ortega Garcia v. United States*, 986 F.3d 513, 522 (5th Cir. 2021) (citing *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997)); *see also Carver v. Atwood*, \_\_\_ F.4th \_\_\_\_, No. 21-40113, 2021 WL 5368678, at \*2 (5th Cir. Nov. 18, 2021) ("Sovereign immunity is indeed a jurisdictional bar." (citing *Cambranis v. Blinken*, 994 F.3d 457, 462 (5th Cir. 2021))).

Ades sues the United States under the APA, which "authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399-400 (5th Cir. 2020) (quoting 5 U.S.C. § 702). The APA can indeed waive the United States' sovereign immunity if certain requirements are met, *see, e.g.*, *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 489 (5th Cir. 2014), and, even then, "only if the action is brought within the time period that federal law allows for such a suit," *Am. Stewards of Liberty v. Dep't of Interior*, 960 F.3d 223, 229 (5th Cir. 2020).

"In other words, a 'failure to sue the United States within the limitations period' for a specific cause of action 'is not merely a waivable defense. It operates to deprive federal courts of jurisdiction.'" *Id.* (quoting *Dunn-McCampbell*, 112 F.3d at

1287 (citing, in turn, *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990))); *see also Texas v. Rettig*, 987 F.3d 518, 529 (5th Cir. 2021) ("The United States enjoys sovereign immunity unless it consents to suit, 'and the terms of its consent circumscribe our jurisdiction.' 'The applicable statute of limitations is one such term of consent,' so, unlike the ordinary world of statutes of limitations, here the failure to sue the United States within the limitations period deprives us of jurisdiction." (quoting *Dunn-McCampbell*, 112 F.3d at 1287)), *pet. for writ of cert. filed*, No. 21-379 (Sept. 3, 2021).

Specific to the APA, the United States Court of Appeals for the Fifth Circuit has held that,

> [b]y including a mechanism in the APA for a person "adversely affected or aggrieved by agency action" to obtain judicial review, Congress has waived sovereign immunity specifically for challenges to final agency decisions. To fall within this waiver, however, a challenge must be brought within six years of the final agency action allegedly causing a plaintiff's injury.

*Am. Stewards*, 960 F.3d at 229 (citations and footnote omitted); *see also Rettig*, 987 F.3d at 529 ("APA challenges are governed by 28 U.S.C. § 2401(a), which provides that 'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.'").

Ades alleges that his current APA suit is timely under Section 2401(a) because "it was [filed] within two years of when [he] was made aware of continued adverse action by said agency (on or about 28 JAN 2020)." Dkt. No. 3, ¶ 5; *see also id.*, ¶ 4

("With all apparent administrative remedies or alternatives closed or unavailable; this lawsuit is timely filed because despite the closure of the original case in 2006, the Bureau of Fiscal Service (FBS) – the successor to the Debt Management Service (to whom the IRS transferred the closed case in 2007) – continues accruing fees, penalties, interest and other unknown or unclarified charges against Plaintiff's account daily.").

Ades alleges, in sum, then that his APA claim accrued when the government initiated further collection efforts in 2020. So, as the government frames the dispute, Ades's "claims relate to the [Bureau of Fiscal Services]'s collection of the FBAR Penalty." Dkt. No. 9 at 7 ("The IRS made a direct and final decision determining Plaintiff's rights or obligations when it turned collection of the FBAR Penalty over to [the Financial Management Service]. Correspondingly, limitations under the APA expired on that determination six years from the time Plaintiff learned of that determination." (citation omitted)).

The undersigned finds the government's position to be correct. In the parallel context of an APA "challenge to an original agency action adopting a regulation," "plaintiffs must bring their claims within six years of the publication of the rule." *Am. Stewards*, 960 F.3d at 229 (citing *Dunn-McCampell*, 112 F.3d at 1287; footnote omitted). But "a plaintiff who misses this window may still obtain effective review of the regulation by instead bringing a challenge within six years of a later final agency action that applies the regulation to the plaintiff," *id.* (citation omitted), but only if

the plaintiff can "show some direct, final agency action involving the particular plaintiff within six years of filing suit," *Dunn-McCampell*, 112 F.3d at 1287.

> An agency's action is direct and final when two criteria are satisfied. "First, the action must mark the 'consummation' of the agency's decisionmaking process." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citation omitted). "[S]econd, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* at 178 (quotation omitted). These rights, obligations, or legal consequences must be new. *Nat'l Pork Producers Council v. U.S. E.P.A.*, 635 F.3d 738, 756 (5th Cir. 2011).

*Rettig*, 987 F.3d at 529.

As Ades alleges, the basis of this lawsuit under the APA is "continued adverse action by said agency" – action that originated with the FBAR penalty. The agency action that Ades now challenges therefore concerns no new rights, obligations, or legal consequences. *See Nat'l Pork Producers*, 635 F.3d at 756 ("Although the guidance letters do, as the Poultry Petitioners note, obligate them to obtain a permit if they discharge manure or litter through ventilation fans or face legal consequences, the EPA Letters neither create new legal consequences nor affect their rights or obligations."); *see also Rettig*, 987 F.3d at 529-30.

Accordingly, Ades is not challenging a direct and final agency action that involved him within six years of filing this lawsuit. His action is therefore time barred under the APA. And his "failure to sue the United States within the limitations period deprives [the Court] of jurisdiction." *Id.* at 529.

Further, insofar as Ades seeks preliminary injunctive relief under Federal

Rule of Civil Procedure 65, such relief is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted).

An "applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted).

For the reasons set out above, Ades cannot show a substantial likelihood that he will prevail on the merits. *See Anderson v. Oakley*, 77 F.3d 475, 1995 WL 798510, at *1 (5th Cir. Dec. 20, 1995) (per curiam) ("The district court did not abuse its discretion in denying Anderson's motion for a preliminary injunction. Anderson failed to demonstrate a substantial likelihood of success on the merits because the district court lacked federal jurisdiction." (citations omitted)); *Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743 (N.D. Tex. 2020) ("Federal courts are courts of limited jurisdiction and must therefore 'affirmatively ascertain subject-matter jurisdiction before adjudicating a suit.' A party seeking a TRO can not establish a 'substantial likelihood of success on the merits' of his claim if the court concludes that it lacks jurisdiction to adjudicate the claim altogether." (citations omitted)).

**Recommendation**

The Court should deny the motion for preliminary injunctive relief [Dkt. No. 16] and grant the motion to dismiss [Dkt. No. 9], dismissing this lawsuit without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 7, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE